# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 21-1273**

**September Term, 2022**
FILED ON: OCTOBER 28, 2022

LOGMET, LLC,
                PETITIONER

v.

NATIONAL LABOR RELATIONS BOARD,
                RESPONDENT

LOCAL UNION No. 780, MOTION PICTURE AND VIDEO LABORATORY TECHNICIANS, ALLIED CRAFTS AND GOVERNMENT EMPLOYEES, IATSE,
                INTERVENOR

---

Consolidated with 22-1009

---

On Petition for Review and Cross-Application for Enforcement
of an Order of the National Labor Relations Board

---

Before: HENDERSON and WALKER, *Circuit Judges*, and TATEL, *Senior Circuit Judge*

## J U D G M E N T

This case was considered on the record from the National Labor Relations Board and on the briefs of the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j). The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the reasons stated below, it is hereby

**ORDERED** and **ADJUDGED** that the petition for review be dismissed and the cross-application for enforcement be granted.

The National Labor Relations Board (the "Board") found that Logmet, LLC ("Logmet") violated the National Labor Relations Act. Logmet does not dispute this, but it challenges the requirement that it make payments to employee benefit plans. As the Board points out, however,

Logmet failed to raise this objection before the Board, so we lack jurisdiction to consider it. 29 U.S.C. § 160(e) ("No objection that has not been urged before the Board . . . shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances.").

Of course, Logmet could not have raised this objection when it filed exceptions to the administrative law judge's order because that order did not require Logmet to make payments to employee benefit funds—the Board added that remedial provision of its own accord. But Logmet could have raised this objection before the Board by moving for reconsideration or rehearing. Its failure to do so deprives us of jurisdiction. *Woelke & Romero Framing, Inc. v. NLRB*, 456 U.S. 645, 665–66 (1982) (where the Board addressed an issue in the first instance, holding that "judicial review is barred" because "[t]he issue was not raised during the proceedings before the Board," such as through "a petition for reconsideration or rehearing").

Logmet argues that "extraordinary circumstances" excuse its failure to urge this objection before the Board. *See* 29 U.S.C. § 160(e). Doing so, it argues, would have been "patently futile." *See HTH Corp. v. NLRB*, 823 F.3d 668, 674 (D.C. Cir. 2016). Logmet characterizes its argument as a challenge to the Board's standard remedial language and argues that the Board never grants reconsideration or rehearing where a litigant challenges the Board's standard remedial language. *Cf. id.* ("[A] motion for reconsideration is patently futile where the agency had previously rejected the very argument made by petitioner."). But Logmet does not challenge the Board's standard remedial language; instead, it argues that, for case-specific reasons, a particular remedy should not be imposed here. Logmet has given us no basis for concluding that raising this issue through a motion for reconsideration would have been patently futile.

Because Logmet failed to preserve the only objection raised in its petition and has not shown extraordinary circumstances, we lack jurisdiction and must dismiss the petition. For the same reasons, we grant the Board's cross-application for enforcement. *See W & M Properties of Connecticut, Inc. v. NLRB*, 514 F.3d 1341, 1349 (D.C. Cir. 2008) (granting summary enforcement after finding remedy objection unpreserved).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk